IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| MISTI BATTLE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|         v. | )   1:14cv1714 (JCC/MSN) |
| | ) |
| CITY OF ALEXANDRIA, | ) |
| | ) |
|     Defendant. | ) |

**M E M O R A N D U M   O P I N I O N**

This action, brought under the Family Medical Leave Act, 29 U.S.C. § 2601 et seq., is before the Court on Defendant City of Alexandria's Motion to Dismiss for Failure to State a Claim, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  [Dkt. 5.]  For the following reasons, the Court will grant the motion in part.

**I. Background**

At the motion to dismiss stage, the Court must read the complaint as a whole, construe the complaint in a light most favorable to the plaintiff, and accept the facts alleged in the complaint as true.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

On December 4, 2004, Defendant City of Alexandria ("Defendant") hired Plaintiff Misti Battle ("Plaintiff") as a "Police Officer I."  (Compl. [Dkt. 1] ¶ 8.)  Over six years later, in January of 2011, Plaintiff was promoted to the rank of

1

Sergeant and placed on a twelve-month probationary period pursuant to Defendant's Administrative Regulation 6-8. (Id. at ¶¶ 8-9.) For the first six months, Plaintiff received favorable performance reviews from her supervisor, Lieutenant Bartlett. (Id. at ¶ 10.)

In June of 2011, Plaintiff started working the night shift under the supervision of Lieutenant Shirl Mammarella ("Lt. Mammarella"). (Compl. ¶ 13.) On August 11, 2011, Plaintiff informed Lt. Mammarella that she needed to take a period of leave from work to care for her husband as he received emergency[1] medical treatment for a hernia. (Id. at ¶ 14.) On August 19, 2011, Lt. Mammarella met with Plaintiff and "told her that her leave balances were too low for someone with her 'amount of time on.'" (Id. at ¶ 17.) At that time, Plaintiff had accumulated approximately 40-50 hours of annual leave, 100 hours of sick leave, and a minimal amount of compensatory time. (Id.) Nonetheless, Plaintiff confirmed her intention to take leave during her husband's treatment, and made arrangements for other officers to cover her normal shifts. (Id. at ¶¶ 20-21.)

Defendant never informed Plaintiff or provided her notice of her rights under the Family and Medical Leave Act

---

[1] Defendant's Administrative Regulation states: "If the need for leave is not foreseeable, the employee shall give as much notice as is practicable, or at least one or two business days." (Compl. ¶ 35.)

2

("FMLA"). (Id. at ¶ 22.) From August 21, 2011 through September 1, 2011, Plaintiff was on leave from work. (Id. at ¶ 21.) Under Defendant's Administrative Regulation 6-18, "[w]hile on full-time FMLA leave, City employees are not eligible, nor can they be required, to work overtime assignments . . . ." While on leave, however, Plaintiff worked many overtime shifts because she did not know of her right to take FMLA leave. (Id. at ¶ 22.) Plaintiff worked overtime during her period of leave "to minimize the disruption to other officers' schedules . . . and because [she] believed she was required to work the shifts she had signed-up for." (Id. at ¶ 37.) Working overtime shifts while caring for her husband caused Plaintiff undue stress and anxiety. (Id. at ¶ 22.)

On September 2, 2011, Plaintiff returned to work and assumed her duties as a Sergeant. (Compl. ¶ 23.) On September 7, 2011, Lt. Mammarella rated Plaintiff as "Below Requirements" for "Reliability" and "Responsibility" in her nine-month progress review, and noted that Plaintiff's leave balances were "seriously low," even though Plaintiff's leave balances were still positive with 19 hours of annual leave, 19 hours of sick leave, and less than one hour of compensatory time. (Id. at ¶ 24.) Specifically, Lt. Mammarella criticized Plaintiff for using leave, stating:

    [Plaintiff's] routine absences have impacted

3

> her ratings in nearly every category. When asked, she offered no explanation for her deterioration of performance. Sergeant Battle needs to take her assignment as a sergeant seriously and make it her highest priority in order to improve. She needs to be present during normal work hours for her officers. She needs to increase her leave balances . . . .

(Id. at ¶ 26.) Despite these concerns, Lt. Mammarella approved every leave request submitted by Plaintiff. (Id. at ¶ 27.) On November 17, 2011, Lt. Mammarella verbally reprimanded Plaintiff for low leave balances and informed Plaintiff that she intended to recommend a 90-day extension of her probationary period, which she memorialized in a written memorandum to the Chief of Police on November 30, 2011. (Id. at ¶¶ 29-30.)

On December 14, 2011, Plaintiff was demoted to the position of Police Officer II because of the "Below Requirements" ratings from Lt. Mammarella due to Plaintiff's low leave balances. (Id. at ¶¶ 31-32.) For the first six months following her demotion, Defendant informed Plaintiff that she was on probation and that she could not apply for the Sergeant position again because she had not successfully completed her last period of probation. (Id. at ¶¶ 49-50.) On November 8, 2012, Plaintiff was elevated, but not promoted, to the position of Police Officer III and given a pay increase, retroactive to September of 2012. (Id. at ¶ 53.) On May 5, 2014, Plaintiff was promoted to Sergeant, her current position. (Id. at ¶ 54.)

4

On December 15, 2014, Plaintiff filed a Complaint under the FMLA alleging two counts: (1) interference with the exercise of her FMLA rights under 29 U.S.C. § 2615(a)(1), and (2) retaliation for exercising her FMLA rights under 29 U.S.C. § 2615(a)(2). (Compl. ¶¶ 56-98, 99-108.) On February 26, 2015, Defendant filed the instant motion to dismiss for failure to state a claim, with a memorandum in support. (Def.'s Mot. [Dkt. 5]; Def.'s Mem. in Supp. [Dkt. 6].) Plaintiff filed an opposition memorandum (Pl.'s Opp'n [Dkt. 10]), to which Defendant replied (Def.'s Reply [Dkt. 11]). The Court heard oral argument of counsel on April 9, 2015 and took the matter under advisement. Thus, the motion is ripe for disposition.

## II. Legal Standard

A court reviewing a complaint on a Rule 12(b)(6) motion must accept well-pleaded allegations as true, and must construe all allegations in favor of the plaintiff. See Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). However, the court need not accept as true legal conclusions disguised as factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 679-81 (2009). Therefore, a pleading that offers only a "formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). Nor will a complaint that tenders mere "naked

5

assertion[s]" devoid of "further factual enhancement."  Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 557.

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999) (citation omitted) (internal quotation marks omitted).  In the instance where sufficient facts are alleged in the complaint to rule on an affirmative defense, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6).  This principle only applies, however, if all facts necessary to the affirmative defense "clearly appear[ ] on the face of the complaint." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (emphasis is original); see also 5B Wright & Miller, Federal Practice & Procedure § 1357 ("A complaint showing that the governing statute of limitations has run on the plaintiff's claim for relief is the most common situation in which the affirmative defense appears on the face of the pleading and provides a basis for a motion to dismiss under Rule 12(b)(6).").

### III. Analysis

Congress enacted the FMLA "to balance the demands of the workplace with the needs of families."  29 U.S.C. § 2601(b)(1).  Under the FMLA, eligible employees can take up to

twelve weeks of unpaid leave from work during any one-year period "to care for the spouse . . . of the employee, if such spouse . . . has a serious health condition." 29 U.S.C. § 2612(a)(1)(C). Upon the employee's return to work, the employee has the right to be restored to the original, or an equivalent, position. 29 U.S.C. §§ 2614(a)(1)(A)-(B).

The FMLA creates a private cause of action for equitable or monetary relief against any employer that violates an employee's rights under the statute. Dotson v. Pfizer, Inc., 558 F.3d 284, 294 (4th Cir. 2009) (quoting Yashenko v. Harrah's N. Carolina Casino Co., 446 F.3d 541, 546 (4th Cir. 2006)) (additional citation omitted); see also 29 U.S.C. § 2617(a). Two types of claims exist under the FMLA. First, employees are entitled to be free from employer interference with their rights under FMLA. Yashenko, 446 F.3d at 546 (citations omitted); see also 29 U.S.C. § 2615(a)(1) ("It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.") (colloquially known as an interference claim). Second, employees are protected "from discrimination or retaliation for exercising their substantive rights under the FMLA." Yashenko, 446 F.3d at 546 (citation omitted); see also 29 U.S.C. § 2615(a)(2) ("It shall be unlawful for any employer to discharge or in any other manner discriminate

7

against any individual for opposing any practice made unlawful by this subchapter.") (colloquially known as a retaliation claim). Here, Plaintiff brings both an interference claim (count one) and a retaliation claim (count two) against Defendant.

Defendant argues that both counts are barred by the statute of limitations, and that the Complaint should be dismissed in its entirety on this basis alone. (Def.'s Mem. at 7-10.) Alternatively, Defendant contends that in addition to being untimely, Plaintiff fails to state an interference claim, mainly because there is no allegation that she was ever denied FMLA benefits. (Id. at 3-6.) The Court agrees with Defendant in part, and will dismiss the interference claim in count one as untimely. Otherwise, the retaliation claim in count two will remain.

"The raising of the statute of limitations as a bar to plaintiffs' cause of action constitutes an affirmative defense and may be raised by motion pursuant to Fed. R. Civ. P. 12(b)(6), if the time bar is apparent on the face of the complaint." Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005) (citation omitted). Claims brought under the FMLA are subject to a two-year statute of limitations period. 29 U.S.C. § 2617(c)(1); Avent v. Kraft Foods Global, Inc., No. 3:11-CV-27, 2012 WL 3555378, at *4 (E.D. Va. Aug. 16, 2012).

The period is extended to three years for willful violations of an employee's FMLA rights. 29 U.S.C. § 2617(c)(2). A violation is willful "where an employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FMLA]." Settle v. S.W. Rodgers, Co., Inc., 998 F. Supp. 657, 663 (E.D. Va. 1998) (quoting McLaughlin v. Richland Shoe Co., 486 U.S. 128, 130 (1988) (quotation marks omitted)), aff'd, 182 F.3d 909 (4th Cir. 1999) (unpublished). The Court now turns to both counts in the Complaint.

### A. Count One: Interference Claim

While not expressly defined by the FMLA, "interfering with the exercise of an employee's rights under the FMLA would include violating the FMLA, refusing to authorize FMLA leave, discouraging an employee from taking FMLA leave, and manipulating the work force to avoid responsibilities under FMLA." Dodgens v. Kent Mfg. Co., 955 F. Supp. 560, 564 (D.S.C. 1997) (citing 29 C.F.R. § 825.220(b)). Here, Plaintiff alleges that Defendant interfered with her rights under the FMLA by failing to provide the requisite notice (Compl. ¶¶ 80-83, 91), mischaracterizing Plaintiff's leave as personal or sick leave (id. at ¶¶ 84-85), and discouraging Plaintiff from taking leave (id. at ¶ 17). Plaintiff also maintains that these violations were willful and not merely negligent. (Id. at ¶ 91.) Under the statute, assuming for Plaintiff's benefit that the

9

allegations state a claim for willfulness, she must have brought this action within three years of the date of "the last event constituting the alleged violation for which such action is brought." 29 U.S.C. § 2617(c)(2). Under the most liberal construction of the dates alleged in the Complaint, Plaintiff's interference claim is untimely, and the Court will dismiss it with prejudice.

    On August 11, 2011, Plaintiff first informed Lt. Mammarella and Sergeant Brown of her need to take leave to care for her husband after his emergency surgery. (Compl. ¶ 14.) Eight days later, on August 19, 2011, Plaintiff met with Lt. Mammarella and confirmed she would take leave from August 21, 2011 through September 1, 2011. (Id. at ¶¶ 17-21.) Lt. Mammaralla tried to discourage Plaintiff from taking leave and failed to provide her with the requisite notice under the FMLA, but Plaintiff nonetheless took her leave as scheduled. (Id.) Plaintiff returned to work on September 2, 2011. (Id. at ¶ 23.) On September 7, 2011, Lt. Mammarella issued Plaintiff's progress review that noted her leave balances were "seriously low." (Id. at ¶ 24.) From August 19, 2011 to September 7, 2011, Plaintiff's annual personal leave decreased from 40-50 hours to 19 hours, her sick leave decreased from 100 to 19 hours, and she maintained a minimal amount of compensatory time. (Id. ¶¶ 17, 24.)

The interference claim accrued on the date of the "last event constituting the alleged violation for which such action is brought." 29 U.S.C. § 2617(c)(2). On August 19, 2011, Lt. Mammarella discouraged Plaintiff's leave and failed to provide notice of her FMLA rights. By September 7, 2011, Plaintiff's leave was categorized as personal and sick leave, and not as FMLA leave. Thus, the latest possible date of accrual for the interference claim in count one is September 7, 2011, which means Plaintiff's Complaint must have been filed by September 7, 2014. 29 U.S.C. § 2617(c)(2). By filing on December 15, 2014, count one is barred by the three-year statute of limitations.

The Court finds there is no later date alleged in the Complaint upon which Plaintiff can premise her interference claim. Plaintiff attempts to argue under 29 C.F.R. § 825.220(c) that Defendant also interfered with her FMLA rights when it used her period of leave as a "negative factor" in her demotion from Sergeant to police officer, which occurred in December of 2011. (Compl. ¶¶ 92-95 ("[Plaintiff] suffered a loss in employment status when Defendant interfered with the exercise of her rights under FMLA by failing to properly designate her leave as FMLA-qualifying leave.").) The regulation states, in relevant part: "employers cannot use the taking of FMLA leave as a negative factor in employment actions[.]" 29 U.S.C. § 825.2209(c).

11

However, an employee's remedy for this type of violation lies as a retaliation claim and not as an interference claim. See, e.g., Downs v. Winchester Med. Ctr., 21 F. Supp. 3d 615, 617-18 (W.D. Va. 2014).

"Even though 29 C.F.R. § 825.220(c) appears to be an implementation of the 'interference' provisions of the FMLA, its text unambiguously speaks in terms of 'discrimination' and 'retaliation,' and we shall, of course, apply it in a manner consistent with that text." Id. (quoting Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 147 n.9 (3d Cir. 2004)); see also Colburn v. Parker Hannifin/Nichols Portland Div., 429 F.3d 325, 331 (1st Cir. 2005). "While the Fourth Circuit has not expressed itself in terms as explicit as the Third [and First], it is nevertheless clear that it views the taking of FMLA leave as a negative factor in employment actions . . . as set forth in § 825.220(c) as FMLA retaliation, not interference." Downs, 21 F. Supp. 3d at 618 (citing Dotson v. Pfizer, Inc., 558 F.3d 284 (4th Cir. 2009)). Moreover, this district court has previously agreed that violations of § 825.220(c) constitute retaliation. Downs, 21 F. Supp. 3d at 618-19 (citing Bullock v. Kraft Foods, Inc., No. 3:11CV36-HEH, 2011 WL 5872898 (E.D. Va. Nov. 22, 2011), aff'd, 501 F. App'x 299 (4th Cir. 2012); Rountree v. City of Portsmouth, No. 2:11CV106, 2011 WL 5101761 (E.D. Va. Oct. 26, 2011), aff'd, 487

12

F. App'x 785 (4th Cir. 2012)). Accordingly, here, Plaintiff's argument that she sufficiently pled a willful violation of FMLA interference based on her demotion from sergeant to police officer on December 14, 2011 is contrary to the law of this circuit. (See Pl.'s Opp'n at 11-16.) Plaintiff cannot extend the accrual date of her interference claim on this basis. Instead, Plaintiff's interference claim accrued, at the very latest, on September 7, 2011, as discussed above. Therefore, the Court will dismiss the interference claim with prejudice as barred by the statute of limitations. See Keller v. Prince George's Cnty., 923 F.3d 30, 33 (4th Cir. 1991) (stating any amendment of a cause of action barred by the statute of limitations is futile and therefore any amendment request regarding an untimely cause of action can be denied). Thus, the Court need not address Defendant's argument that count one also fails to state a claim for relief.

### B. Count Two: Retaliation Claim

Next, Defendant argues that Plaintiff's retaliation claim is also barred by the statute of limitations period because Plaintiff failed to allege sufficient facts to support a theory of willful retaliation. (Def.'s Mem. at 7-10.) Plaintiff's retaliation claim is based on her demotion from sergeant to police officer on December 14, 2011. (Compl. ¶¶ 99-108.) Plaintiff filed her Complaint on December 15, 2014.

13

Thus, to be timely under the three-year limitation period, Plaintiff's retaliation claim must properly allege willfulness.[2]

It is well settled that to state a claim for a willful violation of the FMLA, Plaintiff must allege facts that show "an employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FMLA]." Settle, 998 F. Supp. at 663. Defendant relies heavily on this Court's opinion in Davis v. Navy Fed. Credit Union and argues that Plaintiff's conclusory allegations are insufficient to support a willful violation. (Def.'s Mem. at 8-10 (citing Davis v. Navy Fed. Credit Union, No. 1:11cv1282 (JCC/TCB), 2012 WL 948428 (E.D. Va. Mar. 20, 2012)). The facts of this case, however, are distinguishable from those in Davis. Accordingly, the Court finds that Plaintiff sufficiently alleges willfulness in the Complaint and count two will remain.

In Davis, the Court could not even determine whether the pro se Plaintiff's "claim [was] that Navy Federal interfered with her FMLA rights or retaliated against her for exercising her rights under the FMLA." 2012 WL 948428, at *5. The word "willful" was not used once in the plaintiff's rambling, stream-

---

[2] Assuming willfulness is properly alleged, Plaintiff's complaint is still timely under the three-year limitation period even if it was filed on December 15, 2014, because December 14, 2014 was a Sunday. Fed. R. Civ. P. 6(a)(1)(C) ("[I]nclude the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

of-consciousness, sixty-five-page amended pleading. Thus, in attempting to liberally construe the complaint as the Court was required to do, it attempted to apply the three-year statute of limitation period, but ultimately could not, based on the readily apparent deficiency. Id.

Here, Plaintiff expressly alleges that "Defendant's demotion of Battle was willful and in reckless disregard of her right to take FMLA qualifying leave." (Compl. ¶ 107.) Defendant expects more specificity, but none is required here. Where "a plaintiff sufficiently alleges facts supporting the claimed violation of the FMLA, a general averment as to willfulness should be sufficient to trigger the three-year limitations period." Settle, 998 F. Supp. at 664 (E.D. Va. 1998) (citing Pfister v. Allied Corp., 539 F. Supp. 224, 228 (S.D.N.Y. 1982) (finding a plaintiff who generally avers willfulness is entitled to three-year statute of limitations period in ADEA action); Wanamaker v. Columbian Rope Co., 713 F. Supp. 533, 539-40 (N.D.N.Y. 1998)). Notably, Defendant does not contest the sufficiency of Plaintiff's other allegations supporting her retaliation claim, as it otherwise did for her interference claim. Instead, Defendant asks only that count two be dismissed for failure to sufficiently plead willfulness. But any requirement to allege facts regarding "conditions of the mind with specificity . . . would be virtually impossible to do

15

. . . without presenting all the evidence bearing on the matter at length." <u>Settle</u>, 998 F. Supp. at 664 (quoting <u>Pfister</u>, 539 F. Supp. at 228 (citing 2A Moore's Federal Practice ¶ 9.03 (2d ed.)).  Here, Plaintiff sufficiently alleges facts supporting her claim of retaliatory demotion in violation of the FMLA, and avers willfulness in a manner consistent with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.  <u>See</u> <u>Settle</u>, 998 F. Supp. at 664 ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, <u>intent, knowledge, and other conditions of a person's mind may be alleged generally</u>.") (emphasis in original).  Accordingly, Plaintiff's retaliation claim in count two will remain.

### IV. Conclusion

For the foregoing reasons, the Court will grant Defendant's motion to dismiss in part and dismiss count one with prejudice.  Otherwise, the motion is denied and count two remains.

An appropriate Order shall issue.

April 14, 2015  
Alexandria, Virginia

/s/  
James C. Cacheris  
UNITED STATES DISTRICT COURT JUDGE